UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S.S., AS PARENT AND NEXT FRIEND
OF L.S., A MINOR,

            Plaintiff,

v.

                                    Case No. 18-2491-CM

ANTHONY DAVID NAPOLITANO, et al.,

            Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

TO THE ADULT PLAINTIFF BY AND THROUGH HIS ATTORNEY:

On September 13, 2018, the adult plaintiff in this action filed the complaint under the pseudonym S.S. Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Rule 5.2(a)(3) does permit the identification of minor parties by their initials, but this rule is not applicable to the adult plaintiff.

Nonetheless, the Tenth Circuit has recognized that there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.[1] Adopting the standard of the Eleventh Circuit, the Tenth Circuit has ruled,

---

[1] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)).

1

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.[2]

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court.[3] In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest."[4] The public has an "important interest in access to legal proceedings."[5] Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel."[6] "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."[7] "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."[8]

---

[2] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[3] *Zavaras*, 139 F.3d at 802.

[4] *Id.* at 803.

[5] *Femedeer,* 227 F.3d at 1246.

[6] *Id.*

[7] *Id.*

[8] *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005). *See also S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *3 (D. Kan. July 12, 2018) (holding the adult plaintiff had demonstrated exceptional circumstances in which the need for anonymity outweighed the public interest in having access to the identity of the minor plaintiff's parents).

IT IS THEREFORE ORDERED that the adult plaintiff must show cause by **January 22, 2019**, why his full name should not be fully disclosed in filings with the court.

Dated January 7, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara

James P. O'Hara
U.S. Magistrate Judge